NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|   |   |   |
|---|---|---|
| IRA BLOOM, | : | |
| | : | CIV. ACTION NO. 19-21982(RMB) |
| Petitioner | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA and | : | |
| WARDEN DAVID E. ORTIZ, | : | |
| | : | |
| Respondents | : | |

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner Ira Bloom's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.)[1] Petitioner is incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, serving a federal sentence imposed by the United States District Court, District of Connecticut.(Id., ¶4.) He brings this petition to challenge his designation with the Public Safety Factor of Sex Offender. (Id.)

I.   SCREENING UNDER RULE 4

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases

---

[1] The sole proper Respondent is Petitioner's immediate custodian, the warden of FCI-Fort Dix. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("in habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]"

in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.

II. THE PETITION

Petitioner alleges the Bureau of Prison's ("BOP") erroneously imposed a Sex Offender Public Safety Factor in violation of the First, Fifth, Eighth and Fourteenth Amendments to the Constitution. (Pet., ECF No. 1.) He seeks removal of the Public Safety Factor. (Petr's Mem., ECF No. 1-1 at 11.)

III. DISCUSSION

28 U.S.C. § 2241(c)(3) provides:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> . . .
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States[.]

To invoke jurisdiction under § 2241, a prisoner must challenge the execution of his sentence. Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). To satisfy this requirement, a petitioner must allege that the BOP's conduct was inconsistent with a command or

2

recommendation in the sentencing judgment. Cardona, 681 F.3d at 537. Challenges to custody classification, such as the designation of a public safety factor, do not affect the fact or length of incarceration and are not cognizable under § 2241.[2] Hribick v. Warden Fort Dix FCI, 695 F. App'x 25, 25-26 (3d Cir. 2017); Briley v. Attorney General United States, 632 F. App'x 84, 84-85 (3d Cir. 2016); Cohen v. Lappin, 402 F. App'x 674, 676 (3d Cir. 2010).

IV. CONCLUSION

For the reasons discussed above, this Court lack jurisdiction under 28 U.S.C. § 2241. Therefore, the Court will dismiss the petition.

An appropriate Order follows.

Date: January 24, 2020　　　　s/Renée Marie Bumb
　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[2] Renchenski v. Williams, 622 F.3d 315 (3d Cir. 2010), cited by Petitioner, is inapposite. The Third Circuit held, in an action under 42 U.S.C. § 1983, that "the stigmatizing effects of being labeled a sex offender, when coupled with mandatory behavioral modification therapy, triggers an independent liberty interest emanating from the Due Process Clause of the Fourteenth Amendment." Id. at 328. Here, Petitioner does not allege that he is subject to mandatory behavioral modification therapy, but rather that he is unable to transfer to a federal prison camp. Petitioner's case is governed by the Third Circuit cases cited above, holding that challenges to security designations and custody classifications under 28 U.S.C. § 2241 are not cognizable.

3