NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
IRA BLOOM,                          :
                                    :   CIV. ACTION NO. 19-21982(RMB)
        Petitioner                  :
    v.                              :
                                    :   **OPINION**
UNITED STATES OF AMERICA and        :
WARDEN DAVID E. ORTIZ,              :
                                    :
        Respondents                 :
_____ :

This matter comes before the Court upon Petitioner Ira Bloom's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., Dkt. No. 1.) Petitioner is incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), serving a federal sentence imposed by the United States District Court, District of Connecticut. (Pet. ¶4, Dkt. No. 1.) In his petition, he challenged the Bureau of Prison's ("BOP") security designation with the public safety factor of sex offender ("Sex Offender PSF"), which prevented his transfer to a minimum security camp. (Id.) For the reasons discussed below, the Court will dismiss the petition for lack of jurisdiction and, alternatively, deny the claim on the merits.

I.   PROCEDURAL HISTORY

By Opinion and Order dated January 24, 2020, this Court *sua sponte* dismissed the petition under Habeas Rule 4,[1] because a prisoner lacks a due process liberty interest in transfer to a minimum security camp, when the BOP has allegedly erred in applying a security classification. (Opinion, Dkt. No. 2; Order, Dkt. No. 3.) The Court then granted Petitioner's motion for reconsideration based on his argument that his case presents an issue of first impression of whether removal of the PSF, if erroneous, would affect the execution of his sentence by making him eligible for home confinement or whether it would affect the duration of his sentence by making him eligible for early release under the First Step Act. (Order, Dkt. No. 5.)

On November 18, 2020, Respondent filed an answer to the petition, contending that the Court lacks jurisdiction and, alternatively, Petitioner has not exhausted administrative remedies, and further is not entitled to relief on the merits. (Answer, Dkt. No. 10.) Petitioner filed a reply brief in support of his petition. (Reply Brief, Dkt. No. 13.) On February 24, 2021,

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner."

Petitioner filed what he characterized as a "Supplement to Petitioner's Rebuttal." (Supp. Reply Brief, Dkt. No. 14.) Petitioner asserted:

> Petitioner's crime of conviction, 18 USC § 1958(a) is neither a violent crime as identified within 18 USC § 16 nor is it a sex offense as identified under 34 USC § 20911. As such, Petitioner seeks "immediate release" under the Elderly Offender Program as defined for under 34 USC § 605411g)(5)(A) It is also requested that the Court to order BOP to remove any reference to "sex offense" from it's [sic] records as there is no statutory authority to retain that designation.

(Supp. Reply Brief, Dkt. No. 14 at 1.)

II. MOTION TO AMEND

On March 18, 2021, Petitioner filed an "emergency" motion to amend under Rule 15 (Mot. to Amend, Dkt. No. 15), asserting that he is eligible for halfway house placement on September 8, 2021, but with all "GTC programming," he is entitled to immediate release. (Id. at 1.) The Court takes judicial notice that on January 21, 2021, Petitioner filed a new petition under 28 U.S.C. § 2241, alleging that his BOP Case Manager deprived him of vested good time and earned time credits without due process. Bloom v. Ortiz, 21-cv-967(RMB) (D.N.J.) (Pet., Dkt. No. 1.) On March 19, 2021, Petitioner filed a duplicate of his emergency motion to amend in Civil Action No. 21-967. Because the present petition is ready for adjudication and a duplicate motion to amend is pending in Petitioner's new habeas action, which is not ready for

3

adjudication, amending the present petition will cause needless delay. See Fed. R. Civ. P. 15(a)(2). ("The court should freely give leave" to amend "when justice so requires.") Thus, the Court denies Petitioner's motion to amend in this action, without prejudice to his motion to amend in Civil Action No. 21-967.

II. BACKGROUND

  A.  Petitioner's Sentence

On October 6, 2006, Petitioner was found guilty of two counts of Murder for Hire, in violation of 18 U.S.C. § 1958(a). United States v. Bloom, 05-cr-178 (D. Conn.), Dkt. No. 89 (jury verdict).[2] According to Petitioner's presentence investigation report ("PSR"), Petitioner attempted "to hire a hitman to kidnap, rape, and brutally murder his ex-wife and dump her body in Hartford, Connecticut." Bloom, 05-cr-178, Dkt. No. 132 at 1 (sentencing memo); see also Declaration of Christopher Palm ("Palm Decl.") ¶ 6.[3])

On April 30, 2008, the sentencing court sentenced Petitioner as a career offender, predicated in part on a prior crime of violence, to 120 months of incarceration on each count of his conviction, to be served consecutively, with three years of supervised release. Bloom, 05-cr-178, Dkt. No. 136 (judgment); see

---

[2] Available at www.pacer.gov (last visited March 30, 2021).

[3] Petitioner's PSR is filed under seal. (Dkt. No. 17.)

4

also United States v. Bloom, 366 F. App'x 285, 289 (2d Cir. 2010). Petitioner's projected release date, if he earns all of his good time credit, is August 5, 2022. (Declaration of Corrie Dobovich ("Dobovich Decl."), Ex. 1, Dkt. No. 10-2 at 5.)

    B.   Petitioner's Custody Classification and PSF

Petitioner is housed in the low-security facility at FCI Fort Dix. (Answer, Dkt. No. 10 at 9.) His placement is based on an assessment called a "security designation and custody classification." BOP Program Statement No. P5100.08 ("PS P5100.08"), Inmate Security Designation & Custody Classification Ch. 1 at 2[4] (Id.) Custody classification is based on two factors: (1) "[t]he level of security and supervision the inmate requires"; and (2) "[t]he inmate's program needs, i.e., substance abuse, educational/vocational training, individual counseling, group counseling, or medical/mental health treatment, etc." Id.

The BOP also has discretion to use "management variables" and "public safety factors" to place an inmate in a higher-security institution than reflected in the inmate's point total score. Id., Ch. 2 at 3-4. Public safety factors reflect "certain demonstrated behaviors which require increased security measures to ensure the protection of society." PS P5100.08, Ch. 2 at 4. A public safety factor "is determined based on any relevant factual information

---

[4] Available at https://www.bop.gov/mobile/policy/ (last visited March 30, 2021.)

regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public." (Palm Decl. ¶ 3, quoting PS P5100.08, Ch. 5 at 7.)

One type of PSF is "sex offender." PS 5100.08, Ch. 4 at 13. "[A]n inmate will have the PSF of Sex Offender applied when the inmate's behavior in the current term of confinement or prior history includes one or more of the following elements," requiring the inmate to "be housed in at least a Low security level institution, unless the PSF has been waived[:]"

> (1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery);
>
> (2) Possession, distribution or mailing of child pornography or related paraphernalia;
>
> (3) Any sexual contact with a minor or other person physically or mentally incapable of granting consent (indecent liberties with a minor, statutory rape, sexual abuse of the mentally ill, rape by administering a drug or substance);
>
> (4) Any sexual act or contact not identified above that is aggressive or abusive in nature (e.g., rape by instrument, encouraging use of a minor for prostitution purposes, incest, etc.)
>
> Examples may be documented by state or Bureau of Prisons' incident reports, clear NCIC entries, or other official documentation;
>
> (5) Attempts are to be treated as if the sexual act or contact was completed; and/or,

6

> (6) Any offense referenced in the Sex Offender Notification and Registration Program Statement.

(Palm Decl. ¶ 4, quoting PS P5100.08 Ch. 5 at 8.)

Before his transfer to FCI Fort Dix, Petitioner was an inmate at FCI Elkton (Palm Decl., Ex. 1, Dkt. No. 10-1 at 7) where he was designated with a "greatest severity" PSF based on his murder-for-hire offenses. (Pet., Ex. 5, Dkt. No 1-2 at 12.) In July 2018, staff at FCI Elkton requested that the BOP waive the greatest severity PSF to facilitate Petitioner's transfer to a minimum-security institution for religious purposes. (Palm Decl. ¶ 5, Dkt. No. 10-1; Ex. 1, Dkt. No. 10-1 at 7.) In August 2018, Petitioner's case manager at FCI Elkton informed him that he would not be transferred to a minimum-security institution because his case manager designated him with a Sex Offender PSF. (Petr's Memorandum of Law ("Petr's Mem."), Dkt. No. 1-1 at 3.) The BOP added this Sex Offender PSF because the "aggressive and abusive nature of th[e] attempted sexual act (rape)," which is described in Petitioner's Presentence Investigation Report. (Palm Decl. ¶ 6; Dobovich Decl., Ex. 2, Dkt. No. 10-2 at 10.)

### D. Petitioner's Administrative Remedies

Petitioner filed an administrative grievance regarding the Sex Offender PSF on November 16, 2018. (Dobovich Decl., Ex. 2, Dkt. No. 10-2 at 9.) At each step of this grievance process,

Petitioner asserted that it was unfair to apply a Sex Offender PSF to him. (Id. at 9-15.) As a remedy, Petitioner sought removal of the public safety factor. (Id. at 15.) Petitioner did not seek home confinement or compassionate release as part of the administrative remedy process. (Dobovich Decl. ¶ 4.) Nevertheless, the Court notes that Petitioner has exhausted the issue of whether the PSF designation was erroneous, and the Court may review the issue if it has jurisdiction.

III. DISCUSSION

    A.    Jurisdiction

Jurisdiction exists under 28 U.S.C. § 2241 where a federal prisoner alleges a BOP decision violates the Constitution or federal law, and relief on Petitioner's claim would necessarily result in a shorter duration of his sentence. Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (citing Leamer v. Fauver, 288 F.3d 532, 536 (3d Cir. 2002.) Respondent argues that a public safety factor does not affect the fact or duration of an inmate's confinement because it does not amount to an increase in the sentence imposed by the sentencing court, and it does not constitute additional punishment for the original offense. (Answer, Dkt. No. 10 at 18-19.) Further, Respondent submits that removal of a public safety factor would not guarantee an earlier release under the First Step Act or placement in home confinement. (Id. at 19-20.) In addition, Respondent explains that Petitioner's

8

Sex Offender PSF does not preclude him from prerelease placement, but rather his request for home confinement is premature under 18 U.S.C. § 3624(c)(2). (Id. at 20, citing Palm Decl. ¶ 7, Dkt. No. 10-1.) At the time Respondent filed his answer to the petition, Petitioner's projected release date was approximately 21 months away, so the BOP had not yet considered him for placement in home confinement. (Palm Decl. ¶ 7, Dkt. No. 10-1.) In sum, Respondent contends the Court lacks jurisdiction to challenge the BOP's Sex Offender PSF designation under 28 U.S.C. § 2241.

In his reply brief, Petitioner contends "[j]urisdiction is allowed where an application for a Writ of Habeas Corpus is made by a person in custody who feels they are being held longer than their term should be. Mr. Bloom certainly feels that if the Public Safety Factor were removed, he would be released from custody." (Reply Brief, Dkt. No. 13 at 1.) Further, Petitioner contends that district courts have jurisdiction over all suits "of Civil nature." (Id. at 2.) Petitioner explains

> By placing the public safety factor on Bloom, it doesn't allow Bloom to transfer to home confinement under the First Step Act's Elderly Home Detention program and the Earned time Credit which can award the prisoner up to 15 days a month for productive programs and activities and give the inmate an additional 1 year of time credit under the First Step Act's earned time credit.

(Id. at 3.)

9

B.  Discussion

In addition to habeas claims that affect the duration of a prisoner's confinement, an inmate can challenge a BOP decision that governs the execution of his sentence, but the Third Circuit has limited such claims to situations where "BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012). In his reply brief, Petitioner argues that application of the Sex Offender PSF to him is inconsistent with his conviction and sentence because he was not convicted of a sex offense. (Reply Brief, Dkt. No. 13 at 2.)

This argument fails however, because the BOP's designation of the Sex Offender PSF is not limited to circumstances where the prisoner is serving a sentence for conviction of a sex crime. See PS P5100.08, Ch. 5 at 8. Pertinent here, "an inmate will have the PSF of Sex Offender applied when the inmate's *behavior* in the current term of confinement or prior history" contains an element of "[a]ny sexual act or contact … that is aggressive or abusive in nature" and "[a]ttempts are to be treated as if the sexual act or contact was completed." PS P5100.08, Ch. 5 at 8 (emphasis added). As discussed below, Petitioner was convicted of murder for hire, and his PSR describes a recorded conversation of Petitioner insisting that the contracted killer rape his wife to detract from suspicion of him.

10

The Sex Offender PSF is not inconsistent with the sentencing court's judgment because PS P5100.08 does not require that Petitioner be convicted of a sex crime for its application, it is sufficient that his abusive sexual behavior is related to his conviction.

In the alternative, Petitioner asserts that the BOP's improper designation of the Sex Offender PSF affects the duration of his confinement because it disqualified him from participation in programs under the First Step Act that would permit his early release. Respondent, however, submits that removal of the Sex Offender PSF would not necessarily shorten the duration of Petitioner's confinement by compassionate release under the First Step Act. (Answer, Dkt. No. 10 at 19.)

Compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is dependent upon the sentencing court finding extraordinary and compelling reasons for a sentence reduction. See Raia v. United States, 954 F.3d 594, 597 (3d Cir. 2020) (describing compassionate release under the First Step Act). Removal of the Sex Offender PSF is no guarantee that Petitioner's sentencing court would grant a reduction in sentence because the Court must consider many other factors. See 18 U.S.C. § 3582(c)(1)(A). Therefore, Petitioner's alleged ineligibility for compassionate release under the First Step Act does not provide a basis for habeas jurisdiction. See Leamer, 288 F.3d at 543 (3d Cir. 2002) ("the operative test is"

11

whether the "challenge would *necessarily* imply that he would serve a shorter sentence.") (emphasis added)).

Petitioner also alludes to the First Step Act's creation of an incentive program for participation in evidence-based recidivism reduction programs and productive activities that can lead to prisoners' early release to home confinement or supervised release. (Reply Brief, Dkt. No. 13 at 2 (mentioning earned time credit)); see 18 U.S.C. § 3624(g). However, according to 18 U.S.C. § 3632(D) and (E), Petitioner is not ineligible for participation in these programs or from earning time credit incentives by virtue of his Sex Offender PSF. Removal of the PSF would not affect his eligibility for earlier release. Consequently, relief on the habeas claim would not necessarily imply Petitioner would serve a shorter sentence.

Petitioner further contends that the Sex Offender PSF prevents him from participating in the First Step Act's elderly inmate pilot program, which also permits early release to home confinement. (Id.) While removal of the Sex Offender PSF would eliminate one barrier for Petitioner's participation in the First Step Act's "Elderly and family reunification for certain nonviolent offenders pilot program" under 34 U.S.C. § 60541(g), it would not necessarily result in his eligibility for participation. There are many other factors that the BOP considers in determining

an inmate's eligibility, including whether the prisoner is someone:

> (vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and
>
> (vii) who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

34 U.S.C.A. § 60541(g)(5)(A)(vi, vii.) Because removal of the Sex Offender PSF would not necessarily shorten the length of Petitioner's confinement under the elderly offender pilot program, the Court lacks jurisdiction over his challenge to the PSF. See Cardona, 681 F.3d at 537 (affirming decision that district court lacked jurisdiction under § 2241 because relief on the petitioner's claim regarding SMU placement would not necessarily imply a change to the duration of his confinement.) Therefore, the Court lacks jurisdiction under § 2241.[5] For the sake of completeness, the Court will address Respondent's alternative

---

[5] Although the Court expresses no opinion on the merits of Petitioner's constitutional claims of retaliation and denial of procedural due process raised in his reply brief, such claims may be brought in a civil rights action for injunctive relief under 28 U.S.C. § 1331, or for money damages, if permitted by the analysis for a Bivens claim described in Ziglar v. Abbasi, 137 S. Ct. 1843 (2017). See Leamer, 288 F.3d at 542 ("when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.")

13

argument that the petition fails on its merits.

### B. Alternative Decision on the Merits

Respondent argues that the record supports the BOP's application of a Sex Offender PSF because Petitioner attempted "to hire a hitman to kidnap, rape, and brutally murder his ex-wife and dump her body in Hartford, Connecticut." (Answer, Dkt. No. 10 at 34 (citing Bloom, 05-cr-178, Dkt. No. 132 at 1.) Petitioner's conversation was recorded, and he said that the proposed murder "'gotta look like a rape . . . . She's gotta be raped and its gotta look like a . . . a complete mugging.'" (Id., citing Bloom, 05-cr-178, Dkt. No. 132 at 7.)

Christopher Palm, Petitioner's case manager, explains that "[a]ccording to Petitioner's Presentence Investigation Report, the Petitioner hired an individual to rape and murder his ex-wife. The aggressive and abusive nature of that attempted sexual act (rape), caused the PSF to be applied" by the BOP Designation and Sentence Computation Center on August 23, 2018. (Palm Decl. ¶¶ 5-6, Dkt. No. 10-1.) In reply to Respondent's Answer, Petitioner asserts that he "was never charged with the conduct alleged in assigning the Public safety factor. Bloom never signed a plea agreement and went to trial where he was convicted of a crime which is NOT sexual in nature or fact. Bloom has no conditions of release related to a sex offense…." (Reply Brief, Dkt. No. 13 at 4.)

14

As discussed above, according to PS P5100.08, Ch. 5 at 8:

> A male or female inmate whose behavior in the current term of confinement or prior history includes one or more of the following elements will be housed in at least a Low security level institution, unless the PSF has been waived. A conviction is not required for application of this PSF if the Presentence Investigation Report (PSR), or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history.
>
> …
>
> (1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery);
>
> (2) Possession, distribution or mailing of child pornography or related paraphernalia;
>
> (3) Any sexual contact with a minor or other person physically or mentally incapable of granting consent (indecent liberties with a minor, statutory rape, sexual abuse of the mentally ill, rape by administering a drug or substance);
>
> (4) Any sexual act or contact not identified above that is aggressive or abusive in nature (e.g., rape by instrument, encouraging use of a minor for prostitution purposes, incest, etc.)
>
> Examples may be documented by state or Bureau of Prisons' incident reports, clear NCIC entries, or other official documentation;
>
> (5) Attempts are to be treated as if the sexual act or contact was completed; and/or,
>
> (6) Any offense referenced in the Sex Offender Notification and Registration Program Statement.

15

Here, as found by the DSCC, Petitioner's behavior in relation to his conviction included hiring a person to first rape and then murder his wife, and this information is contained in official documentation, Petitioner's PSR and the Government's Sentencing Memorandum. The conduct of hiring a person to rape his wife falls within the definition of "any sexual act or contact not identified above that is aggressive or abusive in nature." Moreover, attempts are treated as if the sexual act was completed. Thus, it is sufficient that Petitioner hired a person to carry out a rape. The BOP need not rely on a plea agreement or finding of fact by a jury to determine behavior that falls within the Sex Offender PSF, the BOP Program statement permits reliance on "other official documentation." Therefore, the BOP did not err in assigning Petitioner with a Sex Offender PSF.

IV. CONCLUSION

For the reasons discussed above, the Court will dismiss the petition for lack of jurisdiction, and alternatively would deny the petition on the merits.

Date: **April 12, 2021**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**