UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
IRA BLOOM,                  :
                            :  CIV. ACTION NO. 19-21982(RMB)
          Petitioner        :
    v.                      :
                            :  **OPINION**
UNITED STATES OF AMERICA and :
WARDEN DAVID E. ORTIZ,      :
                            :
          Respondents       :
_____:

This matter comes before the Court, in this habeas proceeding under 28 U.S.C. § 2241, upon Petitioner Ira Bloom's motion for reconsideration (Dkt. No. 21) of this Court's order dated April 13, 2021, and his self-styled "Motion Rule 15." (Dkt. No. 22.) For the reasons discussed below, this Court will deny the motion for reconsideration and dismiss the "Motion Rule 15" as moot.

On December 27, 2019, Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1), seeking removal of a sex offender public safety factor ("PSF") from his Bureau of Prison's custody classification. This Court initially dismissed the petition for lack of jurisdiction but then vacated the order of dismissal based on Petitioner's novel argument that his custody classification affected the duration of his confinement by way of preventing his early release under the First Step Act. (Order, Dkt. No. 3; Order,

Dkt. No. 5.) After the Government responded to Petitioner's jurisdictional argument, the Court dismissed the petition for lack of jurisdiction. (Order, Dkt. No. 19.) Petitioner seeks reconsideration once again. (Mot. to Reconsider, Dkt. No. 21.) Although labeled "Motion Rule 15," Petitioner's submission on July 26, 2021, is a memorandum in support of his motion for reconsideration, and a request to have the sex offender PSF removed from his BOP custody classification. (Dkt. No. 22.) In the meantime, however, Petitioner has been released from BOP custody to a residential reentry center. (Notice of Change of Address, Dkt. No. 24.)

Federal Rule of Civil Procedure 59(e) governs Petitioner's motion for reconsideration.

> [A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Here, Petitioner simply alleges that he has proven this Court's jurisdiction and is entitled to relief on his habeas petition, removal of the PSF from his BOP custody classification. (Mot. Rule 15, Dkt. No. 22.) Petitioner has not

2

alleged a proper ground for relief under Rule 59(e), he simply disagrees with this Court's ruling. See, Artis v. Schultz, 427 F. App'x 65, 66 (3d Cir. 2011) (affirming denial of motion for reconsideration where the petitioner only restated his previous allegations and argument). Therefore, this Court will deny Petitioner's motion for reconsideration. Moreover, the Court notes that the habeas petition appears to be moot, even assuming jurisdiction, because Petitioner is no longer in BOP custody and presumably no longer subject to the custody classification imposed by the Bureau of Prisons. See Spencer v. Kemna, 523 U.S. 1, 14 (1998) (finding habeas petition moot after prisoner was released from prison, and declining to apply presumption of collateral consequences in habeas challenge to revocation of prisoner's parole.)

An appropriate Order follows.

Date: **February 3, 2022**

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **UNITED STATES DISTRICT JUDGE**